IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM A. TACCINO                          *
CAROL J. TACCINO
        Plaintiffs                          *
vs                                                          Case No. _____
                                                          *
UNITED STATES OF AMERICA
FORMER PRESIDENT                          *
        DONALD J. TRUMP
        Defendant No. 1                     *

UNITED STATES of AMERICA                 *
FEDERAL BUREAU
        OF INVESTIGATION                 *
CHRISTOPER WRAY, Dir.
        Defendant No. 2                     *

ACT 1ST FEDERAL CREDIT UNION         *
CHRISTIE CLARK, CEO
MISTY MICHAELS, Collections Mgr.         *
        Defendant No. 3
                                                          *
GOVERNMENT OF
        ALLEGANY COUNTY, MD.            *
ALLEGANY COUNTY SHERIFF'S OFF.
CRAIG ROBERTSON, Sheriff                    *
LARRY BENNETT, Deputy
        Defendant No. 4                     *

JASON MERRITT                                   *
        Defendant No. 5
                                                          *
KIFF TOWING AND RECOVERY, LLC
GORMAN E. GETTY, III, CEO/Pres. and      *
Resident Agent
        Defendant No. 6                     *

J&J Towing and Storage                          *
JOHN JAMES JONES, Owner
        Defendant No. 7                     *

HALEY ZACHARY TAYLOR FROST          *
     Defendant No. 8

                                    *

JAMES FROST
     Defendant No. 9          *

              **********************************

## INTRODUCTION

The Plaintiffs, William and Carol Taccino are bringing this action against numerous defendants for various counts and charges, such as conspiracy, conspiracy against rights, fraud, trespassing, violations of Plaintiffs' 4th Amendment Constitutional rights, acts of domestic terrorism, negligence, grand theft auto, obstructing justice, falsifying court documents, jeopardizing public safety and health, breach of security of the U.S. Capital, U.S. Government, failure to support and defend the Constitution of the United States against all enemies foreign and domestic, treason, incitement to riot and more, for which Plaintiffs are seeking monetary, compensatory and punitive damages for their loss, damages and suffering.

## PARTIES TO THIS CASE

Plaintiff No.1 William A. Taccino, member of Act 1st Federal Credit Union since 2018, owner of 3 of the 4 stolen vehicles.

Plaintiff No. 2 Carol J. Taccino,member of Act 1st Federal Credit Union since 2018, owner of 1 of the 4 stolen vehicles.

Defendant No. 1 Donald J. Trump, former president of the United States of America
        The President of the United States of America and former employee of the United States Government, Donald J. Trump took the oath of office on Jan. 20, 2017, and said, "I do solemnly swear (or affirm) that I will faithfully execute the office of President of the United States, and will, to the best of my ability, preserve, protect and defend the Constitution of the United States." He became Commander-in-Chief at that time and still held that title on Jan. 6, 2021.

Defendant No. 2 U.S. Government/Federal Bureau of Investigation (FBI)
        The FBI is an investigating arm of the U.S. Government (USDOJ) with the responsibility of investigating crimes of terrorism, financial fraud ?? and more, and charging those alleged to be involved accordingly.  The FBI is supposed to protect the people of the United States of America and support and defend the Constitution of this country against all enemies foreign and domestic.  Christopher Wray was appointed by Defendant former President Donald Trump in 2017.

Defendant No. 3 Act 1st Federal Credit Union (FCU)
        Act 1st FCU is a federally chartered credit union operating offices in Allegany County, Md. with Christie Clark, CEO and misty Michaels, Collections Mgr.  Plaintiffs have been members since 2018.

Defendant No. 4 Government of Allegany County, Md. Allegany County Sheriff's Office
        The Allegany County Sheriff's Office is the law enforcement agency for the county in which Plaintiffs reside.  One of its functions is to serve legal court orders, etc. Craig Robertson is the Sheriff and Larry Bennett is one of his deputies.

Defendant No. 5   Jason Merritt
        Jason Merritt, owner of ECAA, was hired by Defendant No. 3, Act 1st FCU on Jan. 4, 2021 to repossess 4 of Plaintiffs' automobiles.  Jason Merritt is the owner.  He is also a retired Md. State Trooper and, at the time was an employee of __ Security. During the time he was at Plaintiffs' residence on May 26, 2021, he admitted he was present at, and participated in the Jan 6, 2021 capital riots/insurrection.

Defendant No. 6  Kiff  Towing and Recovery, LLC

This was one of the rollback operators who trespassed on Plaintiffs' property and illegally took possession of 4 of Plaintiffs' vehicles.  There is a great probability that they damaged the vehicles in the process.   Per the Md. DAT, Gorman E. Getty, III is the CEO and/or president, and resident agent of this LLC.

Defendant No. 7  J&J Towing and Storage

According to Defendant No. 3, Act 1st FCU, this entity supposedly stored the 4 vehicles removed from Plaintiffs' property.  The vehicles still had Plaintiffs' tags and some personal possessions in them.  The owner of this business in John James Jones.

Defendant No. 8  Haley Zachery Taylor Frost

This person purchased and received 3 of the stolen vehicles, at the expense and loss of Plaintiffs', and put them up for sale on social media in late October.  At the time of this complaint, Mrs. Frost had sold at least 2 of them for profit.

Defendant No. 9  James Frost

This person is, supposedly, owner of the property known as 16620 BlackberryDr. NW, Frostburg, Md. 21532 and is where the stolen vehicles were/are put up for sale and sold from.  This location is an unlicensed dealership, to the best of Plaintiffs' knowledge.

4

## PARTICULARS AND HISTORY OF THIS CASE

1.     On January 4, 2021, shortly after 11am, Jason Merritt entered Plaintiffs William and Carol Taccino's property without a mask.  When Plaintiff William asked him where his mask was, he said, "I'm Jason Merritt and I don't wear one".  He thereby jeopardized the safety of Plaintiffs Mr. and Mrs. Taccino.

2.     During this time, Jason Merritt said he had come to pick up the credit union's cars and that they had lent the Taccinos $40,000.00.  This is a lie.  The 4 vehicles belonged to my wife and myself and the credit union did not loan us $40,000.00.

3.     Then Jason Merritt said, "I am taking the vehicles and you (William Taccino) can't stop me."  When Plaintiff asked him if he had a court order, he replied that he didn't need one.  Plaintiff then advised him that he was being recorded, that he was trespassing and, since he was a retired state trooper, he should know the laws.

4.     Then, Mr. Merritt, again, said, "I am taking the cars and you can't stop me."   said he would stop him.  Mr. Merritt threatened Plaintiff William Taccino with illegal force and violence.  He said, "How do you know I don't have a gun?"  Plaintiff William replied, "How do you know I don't have a gun?"

5.     Then, Mr. Merritt said he would call the credit union and for Mr. Taccino to do the same thing to try to work something out.  He said he would be back after Thursday, he was going to Washington Wednesday and he might get killed.  He got into his truck and left.  Please note that during this time, Defendant former President Donald Trump was the President of the United States of America.

6.     On April 13, 2021, (after the FBI reached out to the American people for help in identifying domestic terrorists/criminals who participated in the January 6 riots/ insurrection) William Taccino informed them about Jason Merritt's unlawful acts on Jan. 4, his threats of violence, which occurred on Plaintiffs' property, and his statements that he would be back for the cars after Wednesday, he was going to Washington and he might get killed.  Trump-appointed FBI Director Chris Wray labeled the Jan. 6 Capital riots as acts of domestic terrorism.

7.     On May 26, 2021, William and Carol Taccino again became victims of the domestic terrorist Jason Merritt, hired by Act 1st Federal Credit Union, apparently in a conspiracy with Allegany County Sheriff's Deputy Larry Bennett and 2 persons from Kiff Towing and Recovery, who, without notice and without invitation, appeared at Plaintiffs' property, not wearing a mask, and began to illegally take possession of 4 antique automobiles owned by the Plaintiffs William and Carol Taccino.

8.      By the time William Taccino got outside, these 4 unmasked bandits(?) were already dragging 2 cars onto rollbacks.  The Deputy said he was here to pick up the cars. When Mr. Taccino asked to see a court order, Deputy Bennett said he would give it to him when he had completed it.  Like a fool, Mr.Taccino gave him the keys to the vehicles to prevent further damage to them.

9.      Plaintiff William Taccino noticed Jason Merritt getting into one of the vehicles, the 1965 Ford, and told the Deputy he was trespassing on their property; Mr. Tacino said he did not want him there after the Jan. 4, 2021 incident and his unlawful actions, threats of violence, etc.  Mr. Taccino said he had filed a complaint with the FBI about it and his apparent involvement in the Jan. 6 Capital riots.  Mr. Merritt laughed at the FBI and said he was at the Capital that day, but did not go inside.  He said when it got out of hand, he left.  Mr. Taccino said he should not have been there in the first place, if he was not authorized and that 5 people died from what happened that day and that many more were injured.  He said it was not their fault and not to believe everything seen or heard on the media.  The cop did not die by being hit with a fire extinguisher, but had a stroke, and that he, Merritt had inside information to dispute the cause of some of the other's deaths.  Mr. Taccino said he wouldn't believe him or most of the media about anything.

10.     Trump-appointed FBI Director Christopher Wray has labeled the Jan. 6, 2021 riot at the U.S. Capital as an act of domestic terrorism. So now, Plaintiff William Taccino deems Jason Merritt a domestic terrorist for his unlawful actions against his wife and himself, their home and property, and against the people of the United States, and also Allegany County Sheriff's Deputy (ACSD) Larry Bennett, and if confronted by either of them again, he will do whatever he can and use whatever weapon he has available to immediately defend their lives, home and property and the Constitution of the United States against these domestic terrorists.

11.     Deputy Bennett said Jason Merritt had a right to be here.  Mr. Taccino, again, asked to see the court order and, again the Deputy told him he would give it to him as soon as he had completed it.

12.     By then, the rollbacks that had taken 2 of the Taccinos' cars returned and began loading the other 2 vehicles.  The Deputy still did not show Plaintiff William Taccino a court order.  When they had them loaded, the Deputy gave him a paper, which  Mr. Taccino assumed to be legal.  He did not immediately look at it, but threw it onto the seat of the vehicle he was currently using because he was on the phone talking to his brother about a death in the family.

13.     When Plaintiff William Taccino did look at the paper the Deputy had given him, he discovered it was not legal because it was not lawful process and that these conspirators, hired by Act 1ˢᵗ FCU, had stolen these cars.  (See June 4, 2021 Letter to

6

FBI and Allegany County State's Attorney.

14.    The next day, May 27, William Taccino phoned the FBI in Washington to inform them of the unlawful actions committed by Jason Merritt and his accomplice, ACSD Larry Bennett, including theft of 4 of the Taccinos' vehicles, the conspiracy, trespassing, falsifying court documents and illegal service of such, and about Mr. Merritt's boast regarding his participation in the Jan. 6 riots.

15.    The agent told William Taccino it sounded like color of law violations and to contact the State's Attorney regarding theft of vehicles.  If nothing happened, he was to call the FBI again.  Mr. Taccino called the FBI again the next day and gave them additional information on the 4 stolen vehicles.

16.    On or about June 3, 2021, Plaintiffs William and Carol Taccino forwarded a copy of these above the law actions, including Act 1st FCU's violations of 2010 Md. Code Commercial Law Title 12 -10 Credit Regulations, Subtitle 10 – Credit Granter Closed End Credit Provisions, Sect. 12-1021 Repossession to both the Allegany County State's Attorney's Office and the FBI in Washington.

17.    On or about June 15, 2021, Plaintiff William Taccino received a call from a person who said they were an FBI agent in Baltimore, Glen Hartranft, who told William Taccino there was a mistake in the court papers served on them, and he should have gone to the court to verify them.   Mr. Taccino said the papers served on them by domestic terrorist Jason Merritt and his accomplice, ACSD Larry Bennett were not legal and someone could have been killed in the commission of these crimes, and (you) supposedly being an agent should know the law.   Mr. Taccino asked the agent how long he had been an agent and the man said many years.   Mr. Taccino said if the FBI had done its job the terrorist Merritt would not have been out in society committing more above the law acts like what occurred on May 26.  If confronted by him or his accomplice again, Mr. Taccino said he would take immediate action to defend his life and home against them.  If the FBI wanted to arrest him for making this, not a threat, but a promise, to go for it.  The agent told  Mr. Taccino to try to work something out with the credit union.   Mr. Taccino, like a fool, said he would.

18.    On June 25, Plaintiffs William and Carol Taccino sent certified mail to Act 1st/Misty Michael, pursuant to Md.  Code Commercial Law Title 12 -10 Credit Regulations, that the credit union had violated these laws, and requested the amount needed to redeem the vehicles and where he could get his vehicle tags and personal belongings. He did not receive any response from Act 1st.

19.    Several days after the 5-day period to give notice of information of the vehicles expired, Plaintiffs William and Carol Taccino received notice from Defendant Act 1st

FCU/Misty Michaels informing him where the illegally repossessed vehicles were allegedly stored.

20.    A few days earlier, Plaintiffs William and Carol Taccino informed the Allegany County State's Attorney's Office of more illegal acts committed by Act 1st, such as withdrawing funds from Plaintiff Taccinos' account at another bank, in the amount of $172.00, as payment on the 1965 Ford, which is one of the cars they stole on May 26. The Taccinos never missed a payment, nor were they ever late on payments for this vehicle, yet Act 1st stole this along with the others and the $172.00

21.    In July, Act 1st illegally withdrew another payment of $172.00 from Plaintiff Taccinos' bank account, but then, they admitted guilt to this crime when they made restitution and returned June and July's payment to Taccinos' bank account.

22.    On July 18, 2021, Defendant Act 1st FCU sent Plaintiffs the Taccino a delinquency notice on loan No. 6026 secured by the 1965 Ford, which Defendants Act 1st FCU and their hired help had stolen nearly 2 months earlier.  The notice also stated, "The credit union may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

23.    On July 30, 2021, Plaintiffs the Taccinos sent a copy of complaint regarding the illegal activities of Act 1st FCU to U.S. Government and state department agencies, who in turn forwarded it to the NCUA and other agencies for investigation.

24.    Afterwards, the US District Court, on August 12, (several months after the vehicles were stolen) based on the statute of limitations, dismissed federal counts that Plaintiffs the Taccinos had against Act 1st FCU involving the lien contracts on the 4 stolen vehicles, and other violations in case No. JBK-21-0840.  The federal court also remanded the state counts back to the state court for trial.   The Taccinos appealed this order to the U.S. Court of Appeals based on the tolling of the clock and the courts being closed during the pandemic.

25.    In September, William Taccino posted on the FBI's facebook site demanding the FBI locate the stolen vehicles and return the cars, tags and personal possessions to them, but did not receive a response.

26.    Throughout the next 2 months, the Taccinos did not hear anything from anyone about the vehicles, but they still had to keep the tags insured, since they didn't know where the vehicles, tags or personal possessions were.

27.    On Oct 24, 2021, Plaintiff William Taccino noticed the 3 stolen Imperials on

Facebook's Market Place and various Chrysler Imperial group websites. The woman, Defendant Haley Zachery Taylor Frost, who was selling them, said she had clear Md. titles coming from MVA, despite the fact the loan contracts secured by the vehicles were not scheduled for trial for more than 2 months later.

28.     Plaintiffs William and Carol Taccino then received notice from Act 1st that they had sold all 4 vehicles for $3000.00 each. Plaintiffs were never given notice before the sale, pursuant to Md. Code Commercial Law Title 12 -10 Credit Regulations, etc. In addition, Act 1st stated they were seeking over $31,000.00 from Plaintiffs the Taccinos, including towing, storage and appraisal fees, demanding Plaintiffs pay or they would take legal action to collect it.

29.     Plaintiffs William and Carol Taccino received notice from Act 1st FCU, dated Nov. 2, 201, titled Notice of Insurance Expiration on the 1963 and 1966 Imperials demanding that Plaintiffs provide proof of insurance on these 2 vehicles (which Defendant Act 1st had stolen more than 5 months earlier). Otherwise, the Taccinos would have to pay Defendant Act 1st $1473.00 for  insurance on these 2 vehicles.

30.     A few weeks later. William Taccino's brother, James, went to look at the vehicles offered for sale at Jim Frost's residence. Mr. Frost told Mr. Taccino that the credit union called him and offered to sell them to him, and he hoped Bill had no hard feelings toward him.

31.     On Dec.23, 2021, while William Taccino was at MVA transacting other business, he inquired about the tags on the 4 stolen vehicles, since he had not heard from MVA regarding the certified letter he sent on Dec. 1. He was told that someone turned in the tags on all 4 vehicles on Nov. 8, 2021, but they could not tell him who did it.

32.     Plaintiffs received statements from Act 1st FCU, dated Oct. 22 and Dec. 31, 2021, with an unpaid balance of $32,464.43, which included towing bill to Defendant Kiff in the amount of $400.00, storage to Defendant J&J in the amount of $9,000.00, an appraisal fee for the vehicles to Defendant Merritt/East Coast Auto Appraisers in the amount of $1400.00.

33.     On Jan. 21, 2022, (3 months after Act 1st illegally sold the 4 vehicles they stole from Plaintiffs)  trial was held in the Circuit Court of Allegany County, Md. against Defendant Act 1st FCU, despite Plaintiff William Taccino's request for postponement due to his having to travel out of town for a doctor's appointment. The court denied his motion in case No. C-01-CV-21-000017.

34.     On Jan. 25, 2022, while William Taccino was at the Lavale Plaza shopping center, he noticed a large car hauler, LA VERDAD, with a trailer load of several newer cars.

The last vehicle on the transport was his 1964 Imperial convertible.  When he asked the driver where they were all headed, he replied, "To California."

FACTS

35.     Plaintiffs reallege and incorporate paragraphs 1-34 of this complaint.

**36. Defendant No. 1, Former President  the United States Donald J. Trump**

**37.  Count I – - Refusing to Support and Defend the Constitution of the United States Against All Enemies, Foreign and Domestic, Thus Violating the U.S. Constitution.**  That Donald J. Trump, President of the United States on Jan. 6, 2021, refused to support and defend the constitution against all enemies, foreign and domestic by not taking appropriate action against any domestic terrorists, criminals and rioters who participated in the attempt to overthrow and impede the operation of the United States Government. (Par. 5, Exh 1A, 1B The U.S. Constitution)

That Donald J. Trump, President of the United States on Jan. 6, 20121, refused/failed to execute his power as Commander-in-Chief and call in the military to secure the clear the U.S. Government premises to prevent injury, death and destruction, and it also may have prevented the terrorist attack on Plaintiffs' property on May 26, 2021.  (Par. 5, Exh 1A, 1B The U.S. Constitution) **SEE NOTE ONE**

In addition, Donald J. Trump, President of the United States on Jan. 6, 2021, failed to do his duty as outlined in Counts I committed treason against the people of the United States of America/U.S. Government by allowing those domestic terrorists and criminals to carry out their unlawful acts, which violated the Constitution of the United States. (Par. 5, Exh 1A, 1B The U.S. Constitution)

President Trump also intended to incite riot in violation of 18 USC Sect. 2102-(a) (b) in that Defendant President of the United States Donald J. Trump, on Jan. 6, 2021, did not ensure the rioters peaceably assembled to petition the government for redress of grievance. (Par. 5, Exh. 1 Law, 1A, 1B)

All of this was a conspiracy against rights of the Plaintiffs and every citizen in the United States of America.  No one can call the deadly riotous attack on the Capital on Jan. 6, 2021 a peaceful demonstration.

**Note One:**  That during the Jan. 6, 2021 Capital riots (domestic terrorist attack on the USA) President Donald Trump was not performing his duty as President of the United States and Commander-in-Chief, VP Mike Pence, then, assumed the duty of Commander-in-Chief by insisting the military be called in during this attack.  This is the same type action VP Dick Chaney took during the 9/11 terrorist attacks.

11

**38. Defendant No. 2 – United States of America/Federal Bureau of Investigation (FBI)Christopher Wray, Director.**

**39.**     That after January 6, 2021, the FBI reached out to people for information and help in identifying those individuals involved in the capital riots/insurrection.  A few weeks after the riots, the FBI Director, Chris Wray, labeled the attack on America as an act of domestic terrorism.  (Par. 6)

**40.**     That on or about April 13, 2021, William Taccino informed the FBI about Jason Merritt's above the law acts, threats of violence and acts of domestic terrorism he committed at Plaintiffs' residence on Jan. 4, 2021 when, as an agent of Act 1st FCU, he attempted to remove 4 vehicles from Plaintiffs' property without benefit of a court order. During this time, the country was in a state of emergency because of the pandemic and there was a moratorium on repossessions.  (Par. 6; Exh. C1-4; D1,2; Y1,2)

**41.**     Plaintiff Taccino also informed the FBI of the statement Defendant Merritt made on Jan. 4, 2021 that he would be back on Thursday for the cars because he was going to Washington on Wednesday, and that he might get killed.  (Par. 5; Exh. C1-4; D1.2)

**42.  Count I – Conspiracy Against Rights of Unreasonable Search and Seizure, 4th Amendment** That by Defendant FBI not doing its duty in charging Defendant Defendant Merritt in the Jan. 6 Capitol Riots, conspired with Defendant Merritt (and his accomplices, ACS Deputy Larry Bennett and Kiff's Recovery) to, again, commit a domestic terrorist attack at Plaintiffs the Taccino's home when they searched and stole those 4 vehicles, along with the tags and some personal possessions, without a legal court order.  This violated Plaintiffs' 4th Amendment Constitutional Right of Unreasonable Search and Seizure, and caused William Taccino to again contact the FBI on May 27, 2021 since:

> A.  The stolen vehicles were part subject matter in a federal court
> case No. 1;21-CV-00840-JKB.  (Exh. B1, 2; U1, 2)
> B.  The FBI investigates crimes committed by federal banks/credit unions and
> Act 1st is a federal credit union.
> C.  The May 26 attack on Plaintiffs' property was caused by a domestic terrorist
> and his accomplices, all of which threatened Plaintiffs' health and safety and
> violated their constitutional rights.  (Par.7-13; Exh. B1, 2; E1-4)

**43.**     That the next day, Plaintiff informed the FBI regarding the stolen vehicles, including tag numbers and description.  (Par. 14)

**44.**     That the FBI agent Plaintiff spoke to said the actions of Mr. Merritt and Deputy Bennett sounded like color of law violations and he advised Plaintiff to send all of the

complaint to the Allegany County State's Attorney, and if nothing was done, to contact the FBI again.  (Par. 15)

**45.**    That Plaintiff William called the FBI again on May 27, 2021 to provide the VIN numbers of the stolen vehicles.  (Par. 15)

**46.**    That on June 3, 2021, William followed the advice given to him by the FBI on May 27, 2021 and mailed a copy of the complaint to the FBI and the Allegany County State's Attorney's office, but he did not receive any response from either entity causing Plaintiffs undue stress and financial loss and hardship.  (Par. 16; Exh. E1-4, F1-9, G1-3, H, I, J1, 2)

**47.   Count II – Conspiracy Against Constitutional Right of Unreasonable Search and Seizure During Which the FBI Obstructed Justice**   That on June 15, 2021, at approximately 10AM, FBI agent Glenn Hartranft obstructed justice when he phoned Plaintiff William Taccino and informed him that the process/warrant served on May 26, 2021 was an error of the court and Plaintiff should have checked for accuracy.  Plaintiff argued it was not his place to do so and the type of illegal service conducted by the Defendants Act 1st, Merritt and Bennett could have caused someone to get killed. Plaintiff said the agent should know this and asked him how long he had been an agent. The agent said he had been an agent for many years.  This caused Plaintiffs undue stress and financial loss and hardship and violated their 4th Amendment Constitutional Right of Unreasonable Search and Seizure.  (Par. 17, Exh. 1-4, 1D U.S. Constitution)

**48.   Count III – Conspiracy Against Rights, Unreasonable Search and Seizure by Advising Plaintiff William Taccino to Negotiate With Domestic Terrorist**   That the FBI gave bad advice by telling him to negotiate with the domestic terrorists Act 1st FCU and Merritt.  Plaintiff said, if confronted by Defendants Act 1st, Merritt or his accomplice, Bennett, he would take immediate  defensive action to defend his life, home and property against any domestic terrorist and if the agent wanted to try to arrest him for that, to go for it because they were all Trump worshipers.  This caused Plaintiffs undue stress and financial loss and hardship and violated their 4th Amendment Constitutional Right of Unreasonable Search and Seizure.  (Par. 17, Exh. 1-4, 1D U.S. Constitution)

**49.   Count IV – Conspiracy Against Rights of Unreasonable Search and Seizure By Refusing To Do Their Duty To Protect the American People**   That the FBI conspired with Defendant Merritt against the American people by refusing to do their duty to protect the American people when they refused to charge Defendant Merritt accordingly after being informed by Plaintiff William Taccino of Defendant Merritt's plans to attend the rally on Jan. 6, 2021 in Washington, DC, which became the capital riots and was called acts of domestic terrorism.  If the FBI had done their duty by charging and

arresting Defendant Merritt, he and his accomplices would not have been able to be present on May 26, 2021, and they would not have been able to unreasonably search and seize Plaintiffs the Taccinos' vehicles, violating Plaintiffs' 4th Amendment Constitutional right against unreasonable search and seizure, which caused Plaintiffs undue stress and financial loss and hardship.  (Par. 6-17, Exh. C1-4, D1-3, 1D)

**50.  Count V – Refusal to Support and Defend the Constitution of the United States Against All Enemies, Foreign and Domestic**  That Defendant FBI refused, "to support and defend the Constitution of the United States against all enemies foreign and domestic."  Otherwise, they would have labeled anyone, (including Defendant Merritt, who bragged to Plaintiff that he participated in the Jan. 6, 2021 attacks) as an enemy/domestic terrorist and would have prevented undue stress and financial loss and hardship on Plaintiffs and also would have prevented injury, death and destruction of property against the People of the United States and the U.S. Government.
(Par. 6-17; Exh. C1-4, D1-3)

**51.  Count VI –  Conspiracy Against Rights of Unreasonable Search and Seizure**
That Defendant FBI refused to investigate the federal crimes committed by Act 1st FCU after they were informed by William Taccino in February 2021.  This condoning of the crimes committed by Defendant Act 1st FCU and Defendant Merritt led to the May 26, 2021 violation of Plaintiffs' 4th Amendment Constitutional rights against unreasonable search and seizure.  This caused Plaintiffs undue stress and financial loss and hardship.
(Par. 6-10; Exh. C1-4, D1-3, 1D)

**52.  Count VII – Conflict of Interest**  That Defendant FBI Director Chris Wray is a Trump-appointed official and, as such, his agency has a conflict of interest in investigating and charging those involved in the Jan. 6 Capitol riots.  This conflict of interest made it impossible, in this case, for the agency under his direction to conduct a fair and impartial investigation and file charges against those responsible, without bias, including Defendant Merritt.  Since those who were there participated in the act of domestic terrorism in support of Defendant Trump, who is subject matter in this case, and who appointed FBI Director Chris Wray, there is a definite conflict of interest. Example 1 being in Feb. 2021, the Dept. of Justice demanded Trump-appointed U.S. Attorneys to resign or be fired because of a conflict of interest. ( Par.  )  Example 2, in 2017, U.S. Attorney Rod Rosenstein, a Trump-appointee defended the United States in case No. __ *Taccino v. Commissioner of Social Security Nancy Berryhill* (another Trump appointee) in which President Donald Trump was a Defendant/Appellee who never responded, creating another conflict of interest.  Therefore, FBI Director Defendant Chris Wray must resign or be terminated to prevent future harm to the American people or the U.S. Government.  (Par. 10) **See Note 2**

14

**Note 2:** It is evident a true conflict of interest exists in this case and between the Trump-appointed FBI Director Chris Wray, the FBI, all the participants of the deadly Jan. 6, 2021 Capital riots/domestic terrorist attacks, Defendant Donald J. Trump and the remaining defendants. Examples of the participants are the Proud Boys and Oath Keepers, who apparently support and worship Trump and will evidently stop at nothing to further their cause. This is evidently why only a small number have been charged, many not seriously charged and some not at all. According to Defendant and domestic terrorist Merritt, there were about 600,000 people there and they were not the cause of those who were killed. Yet, FBI Director Chris Wray labeled the deadly attack as domestic terrorism, which makes Defendant Jason Merritt an armed and dangerous domestic terrorist turned loose by the FBI on the American people and the Taccinos. His freedom allowed him and his accomplice, Defendant ACSD Larry Bennett, to carry out their unreasonable searches and seizures of Plaintiffs' 4 vehicles on May 26, 2021 at Plaintiffs' home. Someone could have been injured or killed in this incident. Plaintiff William Taccino told the FBI about this and the FBI told him he should have verified the court order, which is not the Plaintiff's responsibility. Plaintiff Taccino said that if he were confronted by either of these men, he would take any action necessary to defend his life, home and the U.S. Constitution, and if they wanted to arrest him for that, to go for it.

**53. Defendant No. 3 – Act 1st Federal Credit Union, Christie Clark, CEO; Misty Michaels, Collections Mgr.**

**54. Count I – Conspiracy** That Defendant Act 1st FCU knowingly, willfully and intentionally, on or about Jan. 4, 2021, hired and conspired with Defendant Merritt/East Coast Auto Appraisers to illegally take possession (by force, if necessary) of 4 of Plaintiffs' the Taccinos' vehicles during the state of emergency caused by the pandemic. This caused Plaintiffs undue stress and financial loss and hardship.
(Par. 1-5; Exh. Y1, 2)

**55. Count II – Conspiracy, Falsifying Court Documents** That Defendant Act 1st FCU employee, Misty Michaels knowingly, willfully and intentionally, on or about May 26, 2021, conspired with Defendants Jason Merritt and ACS Deputy Larry Bennett and falsified court documents to unlawfully take possession of 4 of Plaintiffs' vehicles in order to defraud Plaintiffs during the time that the pandemic state of emergency was in effect. Act 1st FCU paid Defendants Merritt and Bennett to do this. This caused Plaintiffs the Taccinos undue stress and financial loss and hardship.
(Par. 6-13; Exh. E1-4, Y1, 2)

**56. Count III – Trespassing, Violation of Repossession Moratorium** That on May 26, 2021, in violation of Gov. Hogan's moratorium against repossessions during the pandemic, Act 1st FCU/Misty Michaels, Collection Mgr paid agents/ Defendants Merritt and Bennett (who were armed and dangerous) Kiff Recovery and J&J Towing and Storage to trespass on Plaintiffs the Taccinos' property to illegally seize 4 of Plaintiffs' vehicles. This caused Plaintiffs undue stress and financial loss and hardship.
(Par. 6-13; Exh. Y1, 2)

**57. Count IV – Illegal Search and Seizure** That Defendant Act 1st FCU and Collections Mgr. Misty Michaels hired Defendants Merritt, Bennett, Kiff Recovery and J&J Towing and Storage to unreasonably search and seize 4 of Plaintiffs the Taccinos' vehicles. This caused Plaintiffs undue stress and financial loss and hardship.
(Par. 6-13; Exh. E1-4)

**58. Count V – Grand Theft, Auto** That Defendant Act 1st FCU/Misty Michaels, hired Defendants Merritt, Bennett, Kiff Recovery and J&J Towing and Storage on May 26, 2021 to knowingly willfully and intentionally commit grand theft, auto when they illegally took possession of 4 of Plaintiffs the Taccinos' vehicles with tags and some personal possessions, probably damaging the vehicles in the process. They committed these crimes by use of illegal process and force, thus infliction undue stress, loss and financial hardship on Plaintiffs, who were already dealing with a death in the family.
(Par. 6-13; Exh. E1-4)

16

**59.  Count VI – Violation of 2010 Md. Code** *Commercial Law Title 12 Credit Regulations; Subtitle 10, Sect. 12-1021(e)* That Defendant Act 1st FCU/Misty Michaels, Collections Mgr. violated the code (a criminal act) by not notifying Plaintiffs the Taccinos within 5 days of the seizure as to where the vehicles were stored, what the cost would be to redeem them and where their tags and personal possessions were, creating more undue stress, financial hardship and loss.  (Par. 16, 19; Exh. F2-9, J1, 2)

**60.  Count VII – Fraud** That on June 3, 2021 and again on July 13, 2021, Defendant Act 1st (Christi Clark, CEO) illegally withdrew $172.20 from Plaintiffs the Taccinos' M&T bank account as loan payment on the stolen 1965 Ford Galaxie. **NOTE:** Plaintiffs the Taccinos had never missed a payment or been late on a payment for this loan.  On July 13, 2021, Act 1st FCU returned $344.40 to Plaintiffs' M&T bank account, thus, proving more fraud, causing Plaintiffs more undue stress, financial hardship and loss. (Par. 20, 21; Exh. H, I, K2)

**61.  Count VIII – Violation of 2010 Md. Code** *Commercial Law Title 12 Credit Regulations; Notice of Error or Violation, 1210* **Sect. 18(a)ii** That Defendant Act 1st FCU/Misty Michaels refused to respond to Plaintiffs the Taccinos' June 25, 2021 certified mail stating they were in violation of the law and demanding to know the amount needed to redeem the vehicles and where they were stored, where were the tags, etc., but Plaintiffs the Taccinos did not receive a response, thus causing Plaintiffs more undue stress, financial hardship and loss.  (Par. 18, Exh. N1-4, F8)

**62.  Count IX – Violation of  2010 Md. Code** *Commercial Law Title 12 Credit Regulations; Sect. 3(J)2ii* That Defendant Act 1st FCU/Misty Michaels refused to comply with the law, did not notify within 10 days of any forthcoming public sale or auction of the vehicles or where they would be sold, thus causing Plaintiffs the Taccinos more undue stress, financial hardship and loss.  (Par. 16, 19; Exh. F3)

**63.  Count X – Fraud** 2 Counts  That Defendant Act 1st FCU (Christie Clark, CEO) knowingly, willfully and intentionally committed fraud on June 3, 2021 and again, on July 2, 2021when they illegally withdrew 1 payment each of $172.20 from Plaintiffs the Taccinos' M&T checking account, payments on loan No. 6026 secured by a 1965 Ford Galaxie, one of the vehicles Defendant Act 1st FCU and its accomplices had stolen several weeks earlier.  Please note: Plaintiffs were never late or missed a payment on this loan.  Act 1st admitted to committing this fraud when, on July 13, 2021, they returned the stolen money to Plaintiffs' M&T checking account in the amount of $344.40.  This caused Plaintiffs undue stress and financial loss and hardship.  (Par. 20, 21 Exh. L)

**64.  Count XI – Injury of Credit** That Defendant Act 1st FCU knowingly, willfully and intentionally injured Plaintiffs the Taccinos' credit when, on July 2021, they sent  the Taccinos a delinquency notice on or about July 24, 2021 for loan No. 6026 secured by

the 1965 Ford Galaxie, which they had stolen nearly 2 months earlier. They reported delinquency to credit reporting agencies. This caused Plaintiffs undue stress and financial loss and hardship. (Par. 22; Exh O)

**65. Count XII – Refusal to Comply With  2010 Md. Code *Commercial Law Title 12 Credit Regulations; Subtitle 10*** That Defendant Act 1st FCU sold the stolen vehicles without Plaintiffs the Taccinos' knowledge or public sale, thus, denying Plaintiffs the right to redeem. The 3 Chrysler Imperials were illegally sold to Defendants Haley Zachery Taylor Frost and James Frost for $3000.00 each. The vehicles were then advertised in October on social media for thousands of dollars higher than the Defendants paid Act 1st FCU for the vehicles, a profit for Defendants Act 1st FCU, Haley Zachery Taylor Frost and James Frost and at Plaintiffs' loss in this conspiracy. (Par. 26; Exh. F1-9)

**66. Count XIII – Attempted Extortion,** 2 Counts  That Defendant Act 1st FCU/Misty Michaels, on Oct. 22, 2021, sent Plaintiffs a letter stating they were going to take further action if Plaintiffs did not pay them over $31,000.00 deficiency from the illegal sale, which Plaintiffs believe Defendant Act 1st will seek a judgment in an attempt to take Plaintiffs' home and any other possession to cure this illegal deficiency. They attempted extortion again, on Nov. 2, 2021 by sending Plaintiffs the Taccinos a demand to pay for insurance on the '63 and '66 Imperials or to purchase insurance for these 2 vehicles, which they had stolen over 5 months before. This caused Plaintiffs undue stress and financial loss and hardship. (Par. 27, 28; Exh. A5, 6, V1-4, W1, 2)

**67. Count XIV – Obstructing Justice – Went Above the Law**  That Act 1st FCU's above the law actions expanded from the theft of the vehicles on May 26, 2021 and they illegally sold the vehicles 3 months before the circuit court trial of Jan. 21, 2022 of subject matter, thus skirting the jurisdiction of the circuit court. This all caused Plaintiffs the Taccinos further undue stress. financial hardship, credit injury and defamation. (Par. 1-33; Exh. Z) **See Note 3**

**Note 3:**  Defendant act 1ˢᵗ FCU has defrauded the Taccinos and God knows how many other members in using these ill-gotten gains to further their cause of funding domestic terrorism and terrorists, such as Defendant Merritt, and perhaps Oath Keepers and Proud Boys.  Therefore, by law, should be shut down.  4 vehicles totaling $80,000.00 in agreed-upon value  after the credit union had them appraised in the past 2 years, were illegally sold for $12,000.00.  The credit union supposedly paid $9,000.00 to Defendant J&J Towing and Storage for storage, $1400.00 to Defendant Merritt in appraisal fees and $400.00 to Kiff Towing and Recovery for towing, leaving the credit union $1200.00 remaining and attempting to obtain a deficiency judgment against the Plaintiffs for over $32,000.00 and/or write off on the books the $32,000.00 deficiency.  Certainly doesn't sound like good business or in the best interests of the members.  This is why they did not sell the stolen vehicles at public auction, at which they would have sold for much more than the $300.00 each.  Defendant Act 1ˢᵗ FCU knew that Defendant Trump and his supporters, such as Defendant the FBI was not going to investigate and charge them. The NCUA was not going to investigate or fine them, Allegany County State's Attorney was not going to prosecute them, and their hired, armed and dangerous domestic terrorists Defendants Merritt and Bennett would use whatever force necessary to carry out their unlawful acts and domestic terrorism.  This is why Plaintiff William Taccino will quote former President George W. Bush said, "I will not negotiate with terrorists, but one way or another, they must be brought to justice."

**68.  Defendant No. 4 –  Jason Merritt**

**69.  Count I – Conspiracy**  That Defendant Jason Merritt (owner of East Coast Auto Appraisers, and employed by Domestic International Security Group) was hired by Act 1st FCU on January 4, 2021.  He knowingly, willfully and intentionally trespassed on Taccinos' property to commit crimes at the direction of Act 1st FCU.  (Par. 1-5)

**70.  Count II – Jeopardizing Plaintiffs' and Public's Health and Safety**  That Defendant Jason Merritt jeopardized the Taccinos' health and safety on Jan. 4, 2021 by not wearing a mask during the time he was on Plaintiffs' property.  (Par. 1-5)

**71.  Count III – Obstructing Justice**  That Defendant Jason Merritt, on Jan. 4, 2021, while in the process of taking possession of these vehicles, knowingly, willfully and intentionally stated he did not need a court order to do so and William Taccino could not stop him.  (Par. 1-5)

**72.   Count IV – Threats of Violence and Unlawful Force**  That Defendant Jason Merritt, on Jan. 4, 2021,  knowingly, willfully and intentionally threatened to use unlawful force (a gun) in order to take illegal possession of 4 of the Taccinos' vehicles and William Taccino was not able to stop him.  (Par. 1-5)

**73.  Count V – Threats of Domestic Terrorism**  That Defendant Jason Merritt, on Jan. 4, 2021, knowingly, willfully and intentionally told Plaintiff William Taccino that he would be back after Thursday to get the vehicles because he was going to Washington on Wednesday and he could get killed.  (Par. 5)  This Defendant caused Plaintiffs much stress worrying about when Defendant would return.  (Par. 1-5)

**74.  Count VI – Conspiracy**  That Defendant Jason Merritt, on May 26, 2021, knowingly, willfully and intentionally conspired with the FBI and Act 1st FCU/Misty Michaels and ACS Deputy Larry Bennett to take unlawful possession of these 4 vehicles without a legal court order.  Defendants Merritt and Bennett, May 26, 2021, knowingly, willfully and intentionally arrived at the Taccinos' home to commit unlawful acts/acts of domestic terrorism.  This caused Plaintiffs undue stress, financial loss and hardship.  (Par. 7-13; Exh. E1-4)

**75.  Count VII - Trespassing**   That Defendant Jason Merritt, on May 26, 2021, knowingly, willfully and intentionally trespassed on the Taccinos' property while in the commission of criminal acts.  (Par. 7-13; Exh. E1-4)

**76.  Count VIII – Jeopardizing Plaintiffs' and Public's Health and Safety**  That Defendant Jason Merritt, on May 26, 2021, knowingly, willfully and intentionally jeopardized the Taccinos' health by not wearing a mask.  (Par. 7-13; Exh. E1-4)

**77. Count IX – Accessory to Violation of Plaintiffs' 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure**
That Defendant Jason Merritt, and his accomplice Defendant ACSD Deputy Bennett, on May 26, 2021, knowingly, willfully and intentionally violated Plaintiffs' constitutional rights (4th Amendment) against unreasonable search and seizure when Defendants Merritt and Bennett seized 4 of Plaintiffs' vehicles listed below.  (Par. 7-9, Exh. E1-4)

1. 1963 Chrysler Imperial                VIN  9133117181
2. 1964 Chrysler Imperial convertible  VIN  9243143324
3. 1966 Chrysler Imperial                VIN  YM43J63137163
4. 1965 Ford Galaxie                      VIN  5N68X156956

This caused Plaintiffs undue stress, hardship and financial loss of $80,000.00 plus the $32,000.00 deficiency claimed by Act 1st FCU.  (Par. 98-13; Exh. E1-4, J1, J2)

**78. Count XI – Grand Theft – Auto**  That Defendant Jason Merritt, on May 26, 2021, knowingly, willfully and intentionally committed grand theft auto when he and his accomplices illegally took possession of the aforementioned 4 vehicles.  This caused Plaintiffs undue stress, financial loss and hardship.  (Par. 8-13; Exh. E1-4, J1, J2)

**79. Count XII – Domestic Terrorism**  That Defendant Jason Merritt, on May 26, 2021, knowingly, willfully and intentionally committed acts of domestic terrorism against the Plaintiffs at their residence at 402 Pine Ave., Cumberland, Md., the same as he did on Jan. 6, 2021 when he participated in the Capital riots, as he boasted to Plaintiff William Taccino about.  To this day, he continues to cause them fear for their lives, the loss of their property and violation of their constitutional rights. (Par. 8-13; Exh. E1-4)
**See Note 4**

**Note 4:**  Defendant Merritt was paid by Defendant Act 1st FCU to commit his above the law acts at Plaintiffs' home on Jan. 4, 2021 and May 26, 2021. Jan. 4, 2021 was his first attempt to steal the 4 vehicles and also when he threatened Plaintiff William with violence by the use of a gun.  He also said at that time that he did not need a court order to take the vehicles.  When he returned on Ma 26, 2021, he was accompanied by Defendant ACSD Deputy Bennett, who also had a gun.  Neither of the men had a legal court to take the vehicles that day, either.  Apparently, Defendant Merritt would rather use a gun to steal the cars than to have a court order and take them legally.  As when he participated in the deadly Capital riot terrorist attacks and committed his above the law acts on Plaintiffs' property, he was not charged either time and got his own way both times.  All Plaintiff William Taccino can say is he doesn't need a court order to quote President Joe Biden in 2021 when terrorists attacked Kabul.  "We will hunt you down and make you pay."

**80. Defendant No. 5 – Allegany County, Md. Government, Allegany County Sheriff Craig Robertson, Allegany County Sheriff's Deputy (ACSD) Larry Bennett**

**81. Count I – Conspiracy Against 4th Amendment Constitutional Rights of Unreasonable Search and Seizure**  That on May 26, 2021, ACSD Larry Bennett conspired with Defendants FBI and Jason Merritt, Act 1st FCU and Kiff Recovery to illegally take possession of 4 of the Taccinos' automobiles by unreasonable search and seizure without a legal court order.  This violated Plaintiffs' 4th Amendment Constitutional rights of unreasonable search and seizure causing Plaintiffs undue stress, financial loss and hardship.  (Par. 7-13; Exh. E1-4, 1D)

**82. Count II –  Violation of Plaintiffs' 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure**  That Defendant ACSD Larry Bennett violated Plaintiffs' 4th Amendment Constitutional right of unreasonable search and seizure when they illegally took possession of Plaintiffs' 4 vehicles; 1963, 1964 and 1966 Chrysler Imperials and 1965 Ford Galaxie, valued at $80,000.00.  This violation of Plaintiffs' 4th Amendment Constitutional right of unreasonable search and seizure has caused Plaintiffs undue stress, financial hardship and loss. (Par. 7-13; Exh. E1-4, G2, G, 1D)

**83. Count III –  Obstruction of Justice By Unreasonable Search and Seizure**
That Defendant ACSD Larry Bennett, on May 26, 2021, knowingly, willfully and intentionally obstructed justice, used illegal process by falsifying a court order, which he served on Plaintiff William Taccino after they had illegally seized the vehicles.  This violated Plaintiffs' 4th Amendment Constitutional right of unreasonable search and seizure causing Plaintiffs undue stress, financial hardship and loss in the amount $80,000.00 plus $32,000.00 deficiency claimed by Act 1st FCU.  The order is illegal in that:

1. This court order was for a named person, Mr. Winner of Frostburg, Md. not for either my wife, Carol Taccino or myself, William Taccino.
2. This court order was for seizure of a vehicle, a 2005 Dodge truck, not in our possession.
3. This 2005 Dodge truck is not one of the vehicles seized by Mr. Merritt and Deputy Bennett.
4. The 3rd page of the court order stated 4 vehicles, but without any identifying VIN or tag numbers, or any other description.
5. The 4th page of the court order stated the 4 vehicles, but without any identifying VIN or tag numbers, or any other description.
6. There is no judge's signature anywhere on the 4 pages of this court order.
7. The only signatures appearing on this court order are that of Misty Michaels of Act 1st FCU and Deputy Bennett's initials and badge number.
8. This court order is date issued 5/14/2019 and expired on 6/13/2019.

9      Use of this court order obstructed judicial process and justice.

10.    There is no place on the court order describing the address of the location of
       the 4 vehicles to be seized.  (Exh. E1-4, G2, G3, 1D)


**84. Count IV –   Abuse of Power and Authority**  That Deputy Bennett, an authorized
law officer, abused his power and authority by enforcing the above the law actions of
Defendant Merritt in the theft of 4 of the Taccinos' vehicles on May 26, 2021,
and trespassing, which violated Plaintiffs' 4th Amendment Constitutional Rights to
freedom and enjoyment of his property.   (Par. 7-13, Exh. E1-4)  **See Note 5**

**Note 5:**  Defendants ACSD Deputy Larry Bennett, domestic terrorist Jason Merritt's
hired and armed accomplice, did not a legal court order on May 26, 2021 to search and
seize Plaintiffs' 4 vehicles.  These acts of crime and domestic terrorism were covered up
and condoned by Allegany County Sheriff Craig Robertson, who, on the next day came
to Plaintiffs' house and told Plaintiff William Taccino the court blamed him, the Sheriff,
for the events of May 26, 2021.  The Sheriff told Plaintiff to do what he had to do.  All
of these defendants are Trump supporters and William Taccino does not need a court to
quote Defendant Donald Trump if confronted by Defendants Merritt or Bennett or
anyone in the Sheriff;s department, again.  "They will be met with force," to defend his
life, home and the U.S. Constitution.

28

**85.  Defendant No. 6 – Kiff Recovery and Towing, LLC; Gorman E. Getty, III, CEO/Pres. and Resident Agent**

**86.  Count I – Conspiracy to Commit Fraud – Grand Theft Auto, Trespassing**  That Defendant ___ Kiff conspired with Defendants Act 1st FCU, Jason Merritt, ACSD Larry Bennett and Defendant No. 7, J&J Towing to obtain financial gain at the expense of the Taccinos in their May 26, 2021 theft of the 4 autos, tags and personal possessions from the Taccinos' property.  He was paid to do this and caused damage and loss to Plaintiffs and their vehicles.  (Par. 7-13; Exh. E1-4, M1-4)

**87.  Count II – Attempted Extortion**  That Defendant Kiff Recovery and Towing, LLC, in conspiracy with Defendant Act 1st FCU, are attempting to extort monies from the Taccinos for their towing of the 4 vehicles stolen from the Taccinos.  This caused Plaintiffs undue stress, financial loss and hardship.  (Par. 27; Exh. V1-4)  **See Not 6**

**Note 6:**   That Defendant Kiff (another Trump supporter) was paid by Defendant Act 1st FCU to trespass on Plaintiffs' property to tow the 4 stolen vehicles, and probably damaged them in the process.  In addition to the criminal charges that need to be acted upon, this towing company license should be suspended.

24

**88. Defendant No. 7 – J&J Towing and Storage, John James Jones, Owner**

**89. Count I – Conspiracy to Commit Fraud – Grand Theft Auto 2** That Defendant J&J Towing conspired with Defendants Act 1ˢᵗ FCU, Jason Merritt, ACSD Larry Bennett and Kiff Recovery, who supposedly stored the 4 stolen vehicles, tags and personal possessions for financial gain at the Taccinos' expense causing them further stress and financial hardships and loss.  (Par. 7-13; Exh. E1-4, M1-4)

**90. Count II – Attempted Extortion**  That Defendant J&J Towing and Storage, LLC conspired with Defendant Act 1ˢᵗ FCU to extort money from Plaintiffs illegally storing the 4 vehicles stolen from the Taccinos.  This caused Plaintiffs undue stress, financial loss and hardship.  (Par. 27; Exh. V1-4)  **See Note 7**

**Note 7:**  Defendant J&J Towing and Storage was paid by Act 1ˢᵗ FCU to store the 4 stolen vehicles, which contained Plaintiffs' tags and some personal belongings.  In addition to the civil penalties, this Defendant should face criminal charges and his license be suspended.

**91.  Defendant No. 8 – Haley Zachary Taylor Frost**

**92.  Count 1 - Conspiracy to Commit Fraud – Receiving Stolen Goods,** That Defendant Haley Zachary Taylor Frost in Oct. 2021 conspired with Defendant Act 1st FCU to purchase stolen goods  from them (3 Chrysler Imperials,) and put these stolen goods up for sale on social media for profit at the expense and loss of the Taccinos, causing Plaintiffs undue stress, financial hardship and loss.  (Par. 26;  Exh V2, 3, 4 Pictures to be presented at trial )

**93.  Count II – Violation of Md. Vehicle Law; Operating an Unlicensed Vehicle Dealership**  That Defendant Haley Zachery Taylor Frost, on or about Oct. 24, 2021, violated Md. Vehicle Law Title 15. Subtitle 101 when she offered for resale the 3 Chrysler Imperials illegally seized from the Taccinos.  Plaintiff William Taccino knows that at least 1 of the vehicles (1964 Imperial convertible) was sold for profit.  The Md. Vehicle Law  requires a person who, during any 12-month period, offers to sell three (3) or more vehicles at a fixed location is in violation and is a crime with a fine of up to $5,000.00 and/or 1 year in prison.  (Exh. Law 2)  This caused Plaintiffs undue stress, financial loss and hardship.  (Par. 26, 27; Exh. V2, 3, 4 Pictures to be presented at trial.)
**See Note 8**

**Note 8:**  This illegal unlicensed dealership must be shut down, according to law, and those operating it charged and prosecuted accordingly.  They are allowed to stay in business because of the conservative control of the county and state.

**94. Defendant No. 9 – James Frost**

**95. Count I – Conspiracy to Commit Fraud – Receiving Stolen Goods, Operating Unlicensed Vehicle Dealership**  That Defendant James Frost (supposed owner of the property where the stolen vehicles are/were put up for sale) at 16620 Blackberry Dr. Frostburg, Md. 21532, conspired with Defendant Haley Zachery Taylor Frost and Act 1st FCU to defraud Plaintiffs the Taccinos for their own financial gain, thus violating Md. Vehicle Law Title 15. Subtitle 101, which requires a person who, during any 12-month period, offers to sell three (3) or more vehicles at a fixed location is in violation and is a crime with a fine of up to $5,000.00 and/or 1 year in prison.  (Exh. Law 2)  Mr.  Frost told William's brother, in 2021, that the credit union called them and asked them if they wanted to buy the cars, which again caused undue stress, financial loss and hardships for Plaintiffs.  (Par. 26, 27; Exh. Pictures to be presented at trial.)  **See Note 8**

**Note 8:**  This illegal unlicensed dealership must be shut down, according to law, and those operating it charged and prosecuted accordingly.  They are allowed to stay in business because of the conservative control of the county and state.

**Plaintiffs' Statement of Claim**

96.     Plaintiffs reallege and incorporate paragraph 1-95 of this complaint.

**97.  Defendant No.1 – United States of America Former President of the USA Donald J. Trump Under 42 USC Sect. 198**

**98.     Count I – Violation of Plaintiffs' Constitutional Rights**  That by Defendant President Donald J. Trump's refusal to support and defend the Constitution of the United States of America against all enemies foreign and domestic (against enemy and domestic terrorist Jason Merritt, a participant in the deadly Jan. 6, 2021 terrorist attack on the U.S. Capital) allowed Merritt to carry out his above the law actions on May 26, 2021 at the Taccinos' home.

        That by Defendant President Donald J. Trump's refusal to do his duty as Commander-in-Chief failed to order deployment of the military, which could have prevented the deadly Jan 6 attack as well as domestic terrorist Jason Merritt, who said to Plaintiff William Taccino that he might get killed (in Washington).  If so, he could not have headed up the trespassing on Taccinos' property on May 26, 2021 and stealing the 4 vehicles.

        In addition, Defendant President Donald J. Trump's refusal to do his duty, as outlined in Counts I, committed treason against the United States of America, jeopardizing and compromising the security of the nation.

        That Defendant President Donald J. Trump's violation of 18 USC Sect. 2102 clearly organized, promoted and encouraged the domestic terrorists and criminals, including Jason Merritt to carry out the deadly domestic terrorist attack against the United States of America, all of which caused Plaintiffs loss of vehicles valued at $80,000.00 for which they seek compensation.  In addition, Plaintiffs seek $100,000.00 punitive damages for undue stress and financial hardship suffered and monetary damages for any cost associated with this case, to be determined at trial.

**99.  Defendant No2. United States of America Federal Bureau of Investigation, Christopher Wray, Director Under 42 USC Sect. 1983**

**100.  Count I – Conspiracy Against Rights**  That Defendant the FBI (under Trump-appointed Director Chris Wray) <u>refused and failed to do its duty</u> in charging defendants, including Jason Merritt, participant in the Jan 6, 2021 deadly attack, which FBI Director Chris Wray labeled an act of domestic terrorism, and the stolen vehicles, valued at $80,000.00, were subject matter in a federal court case.  The FBI refused to investigate the illegal actions of Act 1st FCU, which led to the May 26, 2021 violation of Plaintiffs' 4th Amendment Constitutional rights of unreasonable search and seizure.  All of which caused Plaintiffs the Taccinos undue stress and financial hardship for which they seek $100,000,00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**101.   Count II –  Conspiracy Against Rights**  That Defendant the <u>FBI obstructed justice</u> when they conspired with Defendants Act 1st FCU and Merritt to violate Plaintiffs' 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure when they blamed Plaintiff William Taccino for not checking the illegal court order served on him.  The FBI contended Plaintiff William Taccino should have verified the court order (a warrant, as FBI Agent Hartranft called it) used by Merritt and his accomplices in the theft of 4 of Plaintiffs' vehicles, valued at $80,000.00 for which they seek compensatory damages, $100,000.00 punitive damages for undue stress and financial hardship suffered and monetary damages for any cost associated with this case, to be determined at trial.

**102.   Count III – Conspiracy Against Rights**  That Defendant the FBI <u>advised Plaintiff</u> William Taccino to negotiate with domestic terrorist Merritt and Act 1st FCU, who violated Plaintiffs' 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure, thereby costing Plaintiffs the Taccinos $80,000.00 in the loss of the vehicles for which they seek compensatory damages, $1000,000.00 punitive damages for inflicting undue stress and financial hardship on Plaintiffs and monetary damages for any cost associated with this case, to be determined at trial.

**103.   Count IV – Conspiracy Against Rights, 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure**  T<u>hat Defendant the FBI failed to do its duty to protect the American People</u> when, after Plaintiff William Taccino informed them of Defendant Merritt's actions, refused to protect Plaintiffs, but conspired with Defendant Merritt, leaving him free to commit the May 26, 2021 above-the-law acts at the Taccinos' residence with his accomplice using an illegal court order violate Plaintiffs 4th Amendment Constitutional Right Against unreasonable search and seizure.  (Plaintiff wonders how many other criminals and domestic terrorists the FBI refused to prosecute and turned lose on America?)  Plaintiffs seek $80,000.00 in compensatory

financial loss and hardship the Taccinos suffered and monetary damages for any cost associated with this case, to be determined at trial.

**104.   Count V – Failure to Support and Defend the Constitution of the United States**  That Defendant the FBI refused to support and defend the Constitution of the United States of America against all enemies foreign and domestic by not labeling Defendant Merritt a domestic terrorist, which resulted in Plaintiffs' vehicles, valued at $80,000.00, being stolen causing Plaintiffs undue stress and who knows how many other criminal and domestic terrorists were not charged accordingly.   Plaintiffs seek $80,000.00 in compensatory damages for the 4 vehicles stolen and $100,000.00 punitive damages for undue stress and financial loss and hardship the Taccinos suffered and monetary damages for any cost associated with this case, to be determined at trial.

**105.   Count VI – Conspiracy Against Rights 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure**  That Defendant the FBI refused to investigate the federal crimes of Act 1st FCU, instead, conspiring with them, causing the unreasonable search and seizure, which violated Plaintiffs' 4th Amendment Constitutional Right Against unreasonable search and seizure.  Plaintiffs seek compensatory damages of $80,000.00 for the 4 in stolen vehicles, $100,000.00 punitive damages for undue stress and financial hardship and monetary damages for any cost associated with this case, to be determined at trial.

**106.   Count VII –  Conspiracy Against Rights, 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure**  That Defendant the FBI  refused to locate and return to Plaintiffs the 4 stolen vehicles after the violation of Plaintiffs' 4th Amendment Constitutional right against unreasonable search and seizure had occurred, when they had knowledge of their whereabouts.  Taccinos' valid tags, personal belongings and the stolen vehicles were subject matter in a pending federal court case. Plaintiffs seek compensatory damages of $80,000.00 for the 4 in stolen vehicles, $100,000.00 punitive damages for undue stress and financial hardship and monetary damages for any cost associated with this case, to be determined at trial.

**107.   Count VIII – Conspiracy Against Rights, 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure**  That Defendant the FBI condoned the conspiracy of Defendants Merritt, Bennett and Kiff to unreasonably search and seize Plaintiffs' 4 antique vehicles, thus violating Plaintiffs' 4th Amendment Constitutional rights against unreasonable search and seizure, and causing them loss of, and which they claim, at least $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**108.   Count IX -   Conflict of Interest**  That Defendant the FBI, under the direction of Defendant President Donald J. Trump's appointee, Chris Wray, investigated and charged those terrorists and criminals involved in the deadly Jan. 6, 2021 capital riots attack on the U.S.A., but did not protect the American people, nor render justice fully against those participants Trump supported.  FBI Director Chris Wray, a Trump appointee, and the FBI are intentionally not charging many involved like Defendant Merritt, which is a conflict of interest.

**109.  Defendant No. 3 – Act 1ˢᵗ Federal Credit Union (FCU) Christie Clark, CEO; Misty Michaels, Collections Mgr.**

**110.   Count I – Conspiracy**  That Defendant Act 1ˢᵗ FCU conspired with Defendant Merritt on Jan. 4, 2021, who was hired to illegally take possession (by force, if necessary) of 4 of Taccinos' antique vehicles during the pandemic state of emergency causing Plaintiffs undue stress and financial harm.   They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**111.   Count II – Conspiracy, Falsifying Court Order Documents**  That Defendant Act 1ˢᵗ FCU Collections Mgr. Misty Michaels conspired with Defendants Merritt and Bennett using a falsified court order in the theft of the 4 antique vehicles belonging to the Taccinos causing Plaintiffs undue stress and financial harm of over $80,000.00. They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**112.   Count III – Trespassing, Violation of Repossession Moritorium**  That Defendant Act 1ˢᵗ FCU through their Collections Mgr., Misty Michaels, paid their agents, Defendants Merritt and Bennett (who were armed and dangerous) along with Kiff Towing and Recovery, to trespass on Plaintiffs' property on May 26, 2021 and illegally search and seize 4 of Taccinos' antique vehicles (valued at $80,000.00) without a legal court order, thus causing Plaintiffs undue stress and financial harm.   They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**113.   Count IV -   Violation of Plaintiffs' 4ᵗʰ Amendment Constitutional Rights Against Unreasonable Search and Seizure**  That by hiring Defendants Merritt, Bennett, Kiff and J&J violated Plaintiffs' 4th Amendment Constitutional rights against unreasonable search and seizure causing them undue stress and financial harm in excess of $80,000.00.  They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**114.   Count V – Grand Theft Auto**  That by hiring Defendants Merritt, Bennett, Kiff Towing and J&J Security, Defendant Act 1ˢᵗ FCU committed grand theft auto on May 26, 2021 in their theft of the 4 antique vehicles owned by Taccinos causing Plaintiffs undue stress and financial harm in excess of $80,000.00.  They claim $80,000.00 compensatory damages,   undue stress and financial hardship for which Plaintiffs claim

$100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**115. Count VI – Violation of 2010 Md. Code *Commercial Law Title 12 Credit Regulations Subtitle 10, Sect. 12-1021(e)*** That Defendant Act 1st FCU's Collections Mgr. violated <u>2010 Md. Code *Commercial Law Title 12 Credit Regulations Subtitle 10, Sect. 12-1021(e)*</u> (a criminal act) causing Plaintiffs undue stress and financial losses in excess of $80,000.00 that continues to this day. They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**116. Count VII – Fraud** That Act 1st FCU CEO Christie Clark committed <u>fraud</u> in June 2021 causing Plaintiffs undue stress and financial harm. They claim $17,500.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**117. Count VIII – Violation of 2010 Md. Code *Commercial Law Title 12 Credit Regulations Subtitle 10, Sect. 1210-18(a)ii Notice of Error or Violation*** That Defendant Act 1st FCU's Collections Mgr. Misty Michaels again violated <u>2010 Md. Code *Commercial Law Title 12 Credit Regulations Subtitle 10, Sect. 1210-18(a)ii Notice of Error or Violation*</u> (a criminal act) in June 2021 causing Plaintiffs undue stress and financial harm in the amount of $80,000.00. They claim $80,000.00 compensatory damages and undue stress, financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**118. Count IX – Violation of 2010 Md. Code *Commercial Law Title 12 Credit Regulations Subtitle 10, Sect. 3(J)2(ii)*** That Defendant Misty Michaels, Collections Mgr for Act 1st FCU, for the third time, violated <u>2010 Md. Code *Commercial Law Title 12 Credit Regulations Subtitle 10, Sect. 3(J)2(ii)*</u> (a criminal act for which civil remedies apply) by not notifying Plaintiffs the Taccinos as to when and where the sale of these vehicles would be, thus causing Plaintiffs, to this day, undue stress and financial loss of over $80,000.00. Plaintiffs are entitled by law to 3 times the amount paid on each of the contracts. They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**119. Count X – Fraud, 2 counts** That Defendant Act 1st FCU CEO Christie Clark again committed fraud in July 2021 by theft in the amount of $172.20 from Taccinos' checking account at M&T Bank, but <u>admitted to both the June and July crimes</u> when Act

*33*

1st put the money back into Taccinos' checking account on July 13, 2021. The credit union had taken this money in payment on the 1965 Ford, which they already illegally taken possession of on May 26, 2021. This caused Plaintiffs undue stress and financial harm of over $17,500.00, the value of the Ford. They claim $17,500.00 compensatory damages and undue stress, financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**120.   Count XI – Injury of Credit**   That Defendant Act 1st FCU sent Taccinos a <u>delinquency notice</u> in July on the 1965 Ford after they put back the money on the car loan and <u>injured Plaintiffs' credit</u> causing Plaintiffs undue stress and financial loss of an unknown amount. They claim $17,500.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**121.   Count XII – Violated/Refused to Comply With 2010 Md. Code *Commercial Law Title 12 Credit Regulations Subtitle 10***   That Defendant Act 1st FCU's Collections Mgr., Misty Michaels, violated <u>2010 Md. Code *Commercial Law Title 12 Credit Regulations Subtitle 10*</u> a fourth time by not giving the Taccinos the right to redeem the vehicles, but rather, illegally sold the 3 Imperials to Defendant Haley Zachary Taylor Frost for $3000.00 each. To this day, Plaintiffs do not know who they sold the 1965 Ford to. Plaintiffs claim $80,000.00 compensatory damages and undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

(The 4 violations of Md. Code committed by Misty Michaels, as Act 1st FCU's Collections Mgr. Are all criminal acts and have criminal penalties and civil remedies in which Plaintiffs are entitled, by law, to 3 times the amount paid on each contract.)

These crimes continues to cause Plaintiffs undue stress and financial loss in the amount of $62,000.00, the agreed upon value of the 3 Imperials, which Act 1st FCU illegally sold to the Defendants Frost.

**122.   Count XIII – Attempted Extortion**   That Defendant Act 1st FCU Collections Mgr. Misty Michaels <u>attempted extortion</u> by sending a letter to Taccinos on Oct. 22, 2021 stating the Taccinos owed a deficiency of over $31,000.00 or Defendant Act 1st FCU would take further legal action causing Plaintiffs undue stress and financial hardship, which continues to this day. They claim $80,000.00 compensatory damages and undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**123.   Count XIV – Obstructing Justice, Went Above the Law**   That Defendant Act 1st FCU CEO Christie Clark and Collections Mgr. Misty Michaels <u>went above the law</u>, hired Defendants Merritt and Bennett and <u>obstructed justice</u> when they stole the 4 antique vehicles belonging to Taccinos without a legal court order and illegally sold the 4 vehicles months before the scheduled court trial.  Plaintiffs claim $80,000.00 compensatory damages and undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**124. Defendant No. 4 – Jason Merritt**

**125. Count I – Conspiracy and Trespassing**  That Defendant Jason Merritt, owner of East Coast Auto Appraisers, was hired by Defendant Act 1st FCU, whereupon they conspired together to attempt to steal the 4 antique vehicles owned by Taccinos by trespassing on Taccinos' property causing Plaintiffs undue stress.   They claim undue stress  for which Plaintiffs claim $50,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**126. Count II – Jeopardizing Public Safety**  That Defendant Merritt did not wear a mask thereby jeopardizing Plaintiff William's health and safety and causing him undue stress.   They claim undue stress for which Plaintiffs claim $50,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**127. Count III – Obstructing Justice**  That Defendant Merritt attempted to take possession of 4 of Taccinos' antique vehicles without a court order thereby obstructing justice and causing Plaintiffs undue stress.  They claim undue stress and financial hardship for which Plaintiffs claim $50,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**128. Count IV – Threatened Violence By Use of a Gun**  That Defendant Merritt threatened violence by the use of a gun on Jan. 4, 2021 to carry out his above the law acts causing Plaintiff William undue stress.  They claim undue stress for which Plaintiffs claim $50,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**129. Count V – Threats to Participate in Domestic Terrorism**  That Defendant Merritt told William Taccino of his intention to go to Washington, D.C. on Jan. 6, 2021, and that he would return after Wednesday, thus planning to participate in domestic terrorism, and caused Plaintiff William undue Stress.  They claim undue stress for which Plaintiffs claim $50,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**130. Count VI – Conspiracy**  That Defendant Merritt, on May 26, 2021, conspired with Defendants FBI, Act 1st FCU's Collections Mgr. Misty Michaels, ACSD Larry Bennett, Kiff Towing and Recovery and J&J Storage to illegally take possession of 4 of Taccinos' antique vehicles, without a legal court order using force, if necessary.  They claim $80,000.00 compensatory damages and undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**131   Count VII – Trespassing**  That Defendant Merritt knowingly, willfully and intentionally <u>trespassed</u> on Taccinos' property while in the commission of a crime, violating Plaintiffs 4th Amendment Constitutional rights against unreasonable search and seizure, causing them undue stress and financial loss of $80,000.00, the agreed upon value of the stolen vehicles.  They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**132.   Count VIII – Jeopardizing Public Health and Safety**  That Defendant Merritt and his accomplices trespassed on Taccinos' property during the commission of their crimes of May 26, 2021, again, <u>jeopardizing Plaintiff's health and safety</u> by not wearing masks during the time Maryland was in a state of emergency due to the pandemic, thus causing Plaintiff William Taccino undue stress.  They claim $80,000.00 compensatory damages and undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**133.   Count IX – Conspiracy Against Rights**  That Defendant Merritt along with his accomplices and <u>conspirators</u>, carried out the violation of Plaintiffs' the Taccinos' 4th Amendment Constitutional right against unreasonable search and seizure by taking the 4 antique vehicles without a legal court order, causing Plaintiffs undue stress.  They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**134.   Count X – Obstructing Justice**  That Defendant Merritt along with his accomplices and conspirators, seized 4 of Taccinos' antique vehicles without a legal court order thereby <u>obstructing justice</u>, thus causing the violation of Plaintiffs' 4th Amendment Constitutional right against unreasonable search and seizure, which, to this day has caused Plaintiffs undue stress and financial loss of over $80,000.00.  They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**135.   Count XI – Grand Theft Auto**  That Defendant Merritt along with his accomplices and conspirators, committed <u>grand theft auto</u> on May 26, 2021 when they stole 4 of Taccinos' antique vehicles, which caused Plaintiffs undue stress and financial loss of at least $80,000.00.  They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**136.    Count XII – Acts of Domestic Terrorism**  That Defendant Jason Merritt, a U.S. Citizen, admitted to William Taccino, also a U.S. Citizen, that he <u>participated in the Jan. 6, 2021 Capital riots</u> as he boasted and laughed at the FBI during these acts of domestic terrorism.  Taccino deems the acts of Merritt, his accomplices and conspirators on May 26, 2021 at Plaintiffs' house to be domestic terrorism, causing Plaintiffs undue stress for fear of their lives to this day, besides the fraud, loss and hardship they still suffer.  They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**137.  Defendant No. 5 – Allegany County, Md. Government, Allegany County Sheriff's Department (ACSD) Craig Robertson – Sheriff, Larry Bennett – Deputy Under 42 USC Sect. 1983**

**138.   Count I – <u>Conspiracy Against Rights and Violation of 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure</u>** That Defendant ACSD Larry Bennett conspired with Defendants Jason Merritt, Act 1st FCU's Collections Mgr. Misty Michaels, Kiff Towing and Recovery and J&J Storage to illegally take possession of 4 of Taccinos' antique vehicles on May 26, 2021, violating Plaintiffs' 4th Amendment Constitutional Rights against unreasonable search and seizure.  They claim $80,000.00 compensatory damages and undue stress, financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**139.   Count II – <u>Conspiracy Against Rights and Violation of 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure</u>** That Defendant ACSD Larry Bennett illegally searched and seized the 4 antique vehicles belonging to Taccinos without a legal court order violating Plaintiffs' 4th Amendment Constitutional rights against illegal search and seizure. They claim $80,000.00 compensatory damages and undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**140.   Count III – <u>Conspiracy Against Rights and Violation of 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure</u>.**  That Defendant ACSD Larry Bennett used a falsified illegal court order, on May 26, 2021, to search and seize the 4 antique vehicles belonging to Taccinos.  He obstructed justice, violating Plaintiffs' 4th Amendment Constitutional rights against unreasonable search and seizure. They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**141.   Count VIII – <u>Conspiracy Against Rights and Violation of 4th Amendment Constitutional Rights Against Unreasonable Search and Seizure</u>.** That Defendant ACSD Larry Bennett abused the power and authority of his position as deputy sheriff on May 26, 2021 to illegally take possession of Taccinos' 4 antique vehicles, thus, violating Plaintiffs' 4th Amendment Constitutional rights against illegal search and seizure.  They claim $80,000.00 compensatory damages, undue stress and financial hardship for which Plaintiffs claim $100,000.00 punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**142.  Defendant No. 6 – Kiff Towing and Recovery, LLC;  Gorman E. Getty, III – CEO/Pres. and Resident Agent**

**143.   Count I – Trespassing and Grand Theft Auto**  That Defendant Kiff conspired with Defendants Act 1st FCU's Collections Mgr. Misty Michaels, Jason Merritt, owner of East Coast Auto Appraisers, ACSD Larry Bennett and J&J Towing and Storage in the theft of the 4 antique vehicles owned by Taccinos.  He <u>trespassed</u> in the commission of this crime and committed <u>grand theft</u> <u>auto.</u>  Plaintiffs seek $80,000.00 in compensatory damages, $50,000.00 punitive damages for undue stress and monetary damages for any cost associated with this case, to be determined at trial.

**144.   Count II – Conspiracy and Attempted Extortion**  That Defendant Kiff's unlawful actions, which he committed on May 26, 2021 in the theft of 4 vehicles belonging to Taccinos and in Oct. 2021, <u>attempted extortion</u> in the <u>conspiracy</u> with Defendants Act 1st FCU, Merritt and J&J Recovery and Towing to defraud Plaintiffs of over $31,000.00.  Plaintiffs seek $80,000.00 in compensatory damages, $50,000.00 punitive damages for undue stress and monetary damages for any cost associated with this case, to be determined at trial.

**145.  Defendant No. 7 – J&J Towing and Storage, John James Jones – Owner**

**146.   Count I –Conspiracy, Grand Theft Auto**  That Defendant J&J Towing and Storage conspired with Defendants Act 1ˢᵗ FCU's Collections Mgr. Misty Michaels, Jason Merritt, owner of East Coast Auto Appraisers, ACSD Larry Bennett and Kiff Recovery and Towing in the theft of the 4 antique vehicles owned by Taccinos.  He conspired with the above-mentioned Defendants in the commission of these crimes and committed <u>grand theft</u> <u>auto.</u>  Plaintiffs seek $80,000.00 in compensatory damages, $50,000.00 punitive damages for undue stress and monetary damages for any cost associated with this case, to be determined at trial.

**147.   Count II – Conspiracy and Attempted Extortion**  That Defendant J&J Towing and Storage's unlawful actions, which he committed on May 26, 2021 in the theft of 4 vehicles belonging to Taccinos and in Oct. 2021, attempted extortion in the conspiracy with Defendants Act 1ˢᵗ FCU, Merritt and Kiff Recovery and Towing to defraud Plaintiffs of over $31,000.00.  Plaintiffs seek $80,000.00 in compensatory damages and $50,000.00 punitive damages for undue stress and monetary damages for any cost associated with this case, to be determined at trial.

**148. Defendant No. 8 – Haley Zachary Taylor Frost**

**149.   Count I – Conspiracy and Receiving Stolen Goods**  That Defendant Haley Zachary Taylor Frost <u>conspired</u> with Defendant Act 1st FCU by <u>receiving stolen goods</u> from them, (3 stolen Imperials) offering them for sale, selling at least 2 of them for profit, causing Plaintiffs the Taccinos undue stress and financial loss of over $62,000.00, agreed upon value of the 3 stolen Imperials.  Plaintiffs seek $62,000.00 in compensatory damages and $50,000.00 in punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**150.   Count II - Operating an Unlicensed Vehicle Dealership**  That Defendant Haley Zachary Taylor Frost, offered for sale on Facebook group site "Marketplace" and sold more than 2 vehicles of Plaintiffs' vehicles for resale without a dealer's license, thus violating <u>Md. Vehicle Law Title 15 Subtitle 101</u> and caused Plaintiffs undue stress and financial loss of over $62,000.00, the agreed upon value of the 3 Imperials.  Plaintiffs seek $62,000.00 in compensatory damages, $50,000.00 in punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**151.  Defendant No. 9 – James Frost**

**152.   Count I – Conspiracy to Commit Fraud, Storage of Stolen Vehicles**  That Defendant James Frost <u>conspired</u> with Defendants Act 1ˢᵗ FCU and Haley Zachary Taylor Frost to <u>store the stolen vehicles</u> offered for sale for profit and caused Plaintiffs undue stress and financial hardship in the amount of at least $62,000.00.  Plaintiffs seek $62,000.00 in compensatory damages, $50,000.00 in punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**153.   Count II – Operating an Unlicensed Vehicle Dealership**  That Defendant James Frost, by offering to store sell the 3 stolen Imperials, which belonged to the Taccinos, is in violation of <u>Md. Vehicle Law Title 15 Subtitle 101</u> by operating an unlicensed vehicle dealership for profit and caused Plaintiffs undue stress and financial hardship in the amount of at least $62,000.00.  Plaintiffs seek $62,000.00 in compensatory damages, $50,000.00 in punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

43

**151. Defendant No. 9 – James Frost**

**152.   Count I – Conspiracy to Commit Fraud, Storage of Stolen Vehicles**  That Defendant James Frost <u>conspired</u> with Defendants Act 1ˢᵗ FCU and Haley Zachary Taylor Frost to <u>store the stolen vehicles</u> offered for sale for profit and caused Plaintiffs undue stress and financial hardship in the amount of at least $62,000.00.  Plaintiffs seek $62,000.00 in compensatory damages, $50,000.00 in punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

**153.   Count II – Operating an Unlicensed Vehicle Dealership**  That Defendant James Frost, by offering to store sell the 3 stolen Imperials, which belonged to the Taccinos, is in violation of <u>Md. Vehicle Law Title 15 Subtitle 101</u> by operating an unlicensed vehicle dealership for profit and caused Plaintiffs undue stress and financial hardship in the amount of at least $62,000.00.  Plaintiffs seek $62,000.00 in compensatory damages, $50,000.00 in punitive damages and monetary damages for any cost associated with this case, to be determined at trial.

44

157.  Defendant No. 2 – United States of America, Federal Bureau of Investigation, Christopher Wray Director.  Plaintiffs seek the following relief from this court under 42 USC Sect.1983.

158.  For Count 1 – Award Plaintiffs compensatory damages loss
value of 4 stolen vehicles in the amount of                           $80,000.00
 punitive damages for stress suffered in the amount of          $100,000.00
 monetary damages for any cost associated with bringing this
 case to trial, amount to be determined at trial.

159.  For Count II – Award Plaintiffs compensatory damages loss
value of 4 stolen vehicles in the amount of                           $80,000.00
Award Plaintiffs punitive damages for stress
suffered in the amount of                                                     $100,000.00
monetary damages for any cost associated with bringing this
case to trial, amount to be determined at trial.

160.  For Count III – Award Plaintiffs compensatory damages loss
value of 4 stolen vehicles in the amount of                           $80,000.00
Award Plaintiffs punitive damages for stress
suffered in the amount of                                                     $100,000.00
monetary damages for any cost associated with bringing this
case to trial, amount to be determined at trial.

161.  For Count IV – Award Plaintiffs compensatory damages loss
value of 4 stolen vehicles in the amount of                           $80,000.00
Award Plaintiffs punitive damages for stress
suffered in the amount of                                                     $100,000.00
monetary damages for any cost associated with bringing this
case to trial, amount to be determined at trial.

162.  For Count V – Award Plaintiffs compensatory damages loss
value of 4 stolen vehicles in the amount of                           $80,000.00
Award Plaintiffs punitive damages for stress
suffered in the amount of                                                     $100,000.00
monetary damages for any cost associated with bringing this
case to trial, amount to be determined at trial.

163.  For Count VI – Award Plaintiffs compensatory damages loss
value of 4 stolen vehicles in the amount of                           $80,000.00
Award Plaintiffs punitive damages for stress
suffered in the amount of                                                     $100,000.00

monetary damages for any cost associated with bringing this
case to trial, amount to be determined at trial.

164. For Count VII – Award Plaintiffs compensatory damages loss
value of 4 stolen vehicles in the amount of                          $80,000.00
Award Plaintiffs punitive damages for stress
suffered in the amount of                                            $100,000.00
monetary damages for any cost associated with bringing this
case to trial, amount to be determined at trial.

165. For Count VIII – Award Plaintiffs compensatory damages loss
value of 4 stolen vehicles in the amount of                          $80,000.00
Award Plaintiffs punitive damages for stress
suffered in the amount of                                            $100,000.00
monetary damages for any cost associated with bringing this
case to trial, amount to be determined at trial.

166. For Count IX – Issue a court order in the name of justice, for the
resignation of Christopher Wray as Director of the FBI, or, in the
alternative, issue a court order for President of the USA Joe Biden
to fire Director Chris Wray and replace him immediately in the best
interests of the people of the USA.

Total sought by Plaintiffs    $1,440,000.00
Plus Costs

46

167. Defendant No. 3 – Act 1ˢᵗ Federal Credit Union, Christie Clark, CEO;
Misty Michaels, Collections Mgr.

168. Plaintiffs seek the following relief from this court.

169. For Count I – Award Plaintiffs compensatory damages loss
   value of 4 stolen vehicles in the amount of                    $80,000.00
   (agreed upon value of the 4 stolen vehicles)
   punitive damages for stress suffered in the amount of          $100,000.00
   monetary damages for any cost to bring this case to trial,
   amount to be determined at trial.

170. For Count II –Award Plaintiffs compensatory damages loss
   value of 4 stolen vehicles in the amount of                    $80,000.00
   (agreed upon value of the 4 stolen vehicles)
   punitive damages for stress suffered in the amount of          $100,000.00
   monetary damages for any cost to bring this case to trial,
   amount to be determined at trial.

171. For Count III – Award Plaintiffs compensatory damages loss
   value of 4 stolen vehicles in the amount of                    $80,000.00
   (agreed upon value of the 4 stolen vehicles)
   punitive damages for stress suffered in the amount of          $100,000.00
   monetary damages for any cost to bring this case to trial,
   amount to be determined at trial.

172. For Count IV – Award Plaintiffs compensatory damages loss
   value of 4 stolen vehicles in the amount of                    $80,000.00
   (agreed upon value of the 4 stolen vehicles)
   punitive damages for stress suffered in the amount of          $100,000.00
   monetary damages for any cost to bring this case to trial,
   amount to be determined at trial.

173. For Count V – Award Plaintiffs compensatory damages loss
   value of 4 stolen vehicles in the amount of                    $80,000.00
   (agreed upon value of the 4 stolen vehicles)
   punitive damages for stress suffered in the amount of          $100,000.00
   monetary damages for any cost to bring this case to trial,
   amount to be determined at trial.

174. For Count VI – Award Plaintiffs compensatory damages as
   per law, which allows 3 times the amount paid on loans pursuant

to 2010 Md. Code *Commercial Law Title 12 Credit Regulations Subtitle 10, Sect. 12-1021(e)* or compensatory damages in the amount of             $80,000.00
punitive damages for stress suffered in the amount of      $100,000.00
monetary damages for any cost to bring this case to trial, amount to be determined at trial.

175. For Count VII – Award Plaintiffs compensatory damages for unlawful use of Plaintiffs' $172.50, amount to be determined at trial, and compensatory damages in the amount of      $17,500.00
the value of the stolen 1965 Ford.
punitive damages for stress suffered in the amount of      $100,000.00
monetary damages for any cost to bring this case to trial, amount to be determined at trial.

176. For Count VIII – Award Plaintiffs compensatory damages as per law, which allows 3 times the amount paid on loans pursuant to 2010 Md. Code *Commercial Law Title 12 Credit Regulations Subtitle 10, Sect. 1210-18(a)ii Notice of Error or Violation* to be determined at trial or compensatory damages in the amount of      $80,000.00
punitive damages for stress suffered in the amount of      $100,000.00
monetary damages for any cost to bring this case to trial, amount to be determined at trial.

177. For Count IX – Award Plaintiffs compensatory damages as per law, which allows 3 times the amount paid on loans pursuant to 2010 Md. Code Code *Commercial Law Title 12 Credit Regulations Subtitle 10, Sect. 3(J)2(ii)* to be determined at trial, or compensatory damages in the amount of      $80,000.00
punitive damages for stress suffered in the amount of      $100,000.00
monetary damages for cost to file this case, amount to be determined at trial.

178. For Count X – Award Plaintiffs compensatory damages for unlawful use of Plaintiffs' $172.50, amount to be determined at trial, and compensatory damages in the amount of      $17,500.00
the value of the stolen 1965 Ford.
punitive damages for stress suffered in the amount of      $100,000.00
monetary damages for any cost to bring this case to trial, amount to be determined at trial.

179. For Count XI – Award Plaintiffs compensatory damages loss
     of 1965 Ford in the amount of                                   $17,500.00
     since Plaintiffs were never late on payments.
     punitive damages for stress suffered in the amount of          $100,000.00
     monetary damages for any cost to bring this case to trial,
     amount to be determined at trial.

180. For Count XII – Award Plaintiffs compensatory damages as
     per law, which allows 3 times the amount paid on loans pursuant
     to 2010 Md. Code Code *Commercial Law Title 12 Credit Regulations
     Subtitle 10* to be determined at trial, or compensatory damages in the
     amount of                                                       $80,000.00
     Award Plaintiffs punitive damages for stress suffered in the
     amount of                                                      $100,000.00
     monetary damages for any cost to bring this case to trial,
     amount to be determined at trial.

181. For Count XIII – Award Plaintiffs 3 times $31,000.00 the amount of the
     deficiency Defendant claims for total of                       $93,000.00
     Award Plaintiffs punitive damages for stress suffered in the
     amount of                                                      $100,000.00
     monetary damages for any cost to bring this case to trial,
     amount to be determined at trial.

182. For Count XIV – Award Plaintiffs compensatory damages loss
     value of 4 stolen vehicles in the amount of                    $80,000.00
     Award Plaintiffs punitive damages for stress
     suffered in the amount of                                     $100,000.00
     monetary damages for any cost to bring this case to trial,
     amount to be determined at trial.

                          Total Sought By Plaintiffs  $2,332,500.00
                                       Plus Costs

**183.** Defendant No. 5 – Jason Merritt

**184.** Plaintiffs seek the following relief from this court.

**185.** For Count I – Award Plaintiffs punitive damages for stress
suffered in the amount of                      $50,000.00
monetary damages for any cost to bring this case to trial,
amount to be determined at trial.

**186.** For Count II – Award Plaintiffs punitive damages for stress
suffered in the amount of                      $50,000.00
monetary damages for any cost to bring this case to trial,
amount to be determined at trial.

**187.** For Count III – Award Plaintiffs punitive damages for stress
suffered in the amount of                      $50,000.00
monetary damages for any cost to bring this case to trial,
amount to be determined at trial.

**188.** For Count IV – Award Plaintiffs punitive damages for stress
suffered in the amount of                      $50,000.00
monetary damages for any cost to bring this case to trial,
amount to be determined at trial.

**189.** For Count V – Award Plaintiffs punitive damages for stress
suffered in the amount of                      $50,000.00
monetary damages for cost to file this case, amount to be
determined at trial.

**190.** For Count VI – Award Plaintiffs compensatory damages loss
value of 4 stolen vehicles in the amount of         $80,000.00
Award Plaintiffs punitive damages for stress
suffered in the amount of                    $100,000.00
monetary damages for any cost to bring this case to trial,
amount to be determined at trial.

**191.** For Count VII – Award Plaintiffs compensatory damages loss
value of 4 stolen vehicles in the amount of         $80,000.00
Award Plaintiffs punitive damages for stress
suffered in the amount of                    $100,000.00
monetary damages for any cost to bring this case to trial,
amount to be determined at trial.

192.  For Count VIII – Award Plaintiffs compensatory damages loss
      value of 4 stolen vehicles in the amount of                               $80,000.00
      punitive damages for stress suffered in the amount of                    $100,000.00
      monetary damages for any cost to bring this case to trial,
      amount to be determined at trial.

193.  For Count IX – Award Plaintiffs compensatory damages loss
      value of 4 stolen vehicles in the amount of                               $80,000.00
      Award Plaintiffs punitive damages for stress
      suffered in the amount of                                                $100,000.00
      monetary damages for cost to file this case, amount to be
      determined at trial.

194.  For Count X – Award Plaintiffs compensatory damages loss
      value of 4 stolen vehicles in the amount of                               $80,000.00
      Award Plaintiffs punitive damages for stress
      suffered in the amount of                                                $100,000.00
      monetary damages for any cost to bring this case to trial,
      amount to be determined at trial.

195.  For Count XI – Award Plaintiffs compensatory damages loss
      value of 4 stolen vehicles in the amount of                               $80,000.00
      Award Plaintiffs punitive damages for stress
      suffered in the amount of                                                $100,000.00
      monetary damages for cost to file this case, amount to be
      determined at trial.

196.  For Count XII – Award Plaintiffs compensatory damages loss
      value of 4 stolen vehicles in the amount of                               $80,000.00
      punitive damages for stress suffered in the amount of                    $100,000.00
      monetary damages for any cost to bring this case to trial,
      amount to be determined at trial.

                                        For a total of      $1,510,000.00
                                                               Plus costs

51

197.   Defendant No. 5 – Allegany County, Md. Government, Allegany County Sheriff's Department, Craig Robertson, Sheriff; Larry Bennett, Deputy

198.   Plaintiffs seek the following relief from this court.

199.   For Count 1 – Award Plaintiffs compensatory damages loss value of 4 stolen vehicles in the amount of          $80,000.00
punitive damages for stress suffered in the amount of          $100,000.00
monetary damages for any cost to bring this case to trial, amount to be determined at trial.

200.   For Count II – Award Plaintiffs compensatory damages loss value of 4 stolen vehicles in the amount of          $80,000.00
punitive damages for stress suffered in the amount of          $100,000.00
monetary damages for any cost to bring this case to trial, amount to be determined at trial.

201.   For Count III – Award Plaintiffs compensatory damages loss value of 4 stolen vehicles in the amount of          $80,000.00
punitive damages for stress suffered in the amount of          $100,000.00
monetary damages for any cost to bring this case to trial, amount to be determined at trial.

202.   For Count IV – Award Plaintiffs compensatory damages loss value of 4 stolen vehicles in the amount of          $80,000.00
punitive damages for violating Plaintiffs' __ Amendment Constitutional right against illegal search and seizure of the 4 stolen vehicles, in the amount of          $100,000.00
and punitive damages for stress in the amount of          $100,000,00
monetary damages for any cost to bring this case to trial, amount to be determined at trial.

Total Sought By Plaintiffs  $820,000.00
Plus Costs

52

203. Defendant No. 6 – Kiff Towing and Recovery, LLC,
     Gorman E. Getty, III – CEO or President/Resident Agent

204. Plaintiffs seek the following relief from this court.

205. For Count I – Award Plaintiffs compensatory damages loss
     value of 4 vehicles stolen on May 26, 2021 to include
     the amount of                                          $80,000.00

     Award Plaintiffs punitive damages for stress
     suffered in the amount of                              $50,000.00
     monetary damages for any cost to bring this case to trial,
     amount to be determined at trial.

206. For Count II – Award Plaintiffs compensatory damages loss
     value of 4 vehicles stolen on May 26, 2021 to include
     the amount of                                          $80,000.00

     Award Plaintiffs punitive damages for stress
     suffered in the amount of                              $50,000.00
     monetary damages for any cost to bring this case to trial,
     amount to be determined at trial.

                        Total Sought By Plaintiffs  $240,000.00
                                 Plus Costs

**207.** Defendant No. 7 – J&J Towing and Storage, John James Jones, Owner

**208.** Plaintiffs seek the following relief from this court.

**209.** For Count I – Award Plaintiffs compensatory damages loss
value of 4 vehicles stolen on May 26, 2021 to include
the amount of                                                                  $80,000.00
and deficiency claimed by Act 1ˢᵗ FCU in Oct. 2021 in the
amount of

Award Plaintiffs punitive damages for stress
suffered in the amount of                                            $50,000.00
monetary damages for any cost to bring this case to trial,
amount to be determined at trial.

**210.** For Count II – Award Plaintiffs compensatory damages loss
value of 4 vehicles stolen on May 26, 2021 to include
the amount of                                                                  $80,000.00
and deficiency claimed by Act 1ˢᵗ FCU in Oct. 2021 in the
amount of

Award Plaintiffs punitive damages for stress
suffered in the amount of                                            $50,000.00
monetary damages for any cost to bring this case to trial,
amount to be determined at trial.

Total Sought By Plaintiffs  $260,000.00
Plus Costs

211. Defendant No. 8 – Haley Taylor Zachary Frost

212. Plaintiffs seek the following relief from this court.

213. For Count I – Award Plaintiffs compensatory damages loss
     value of 3 stolen Imperials offered for sale for profit
     in the amount of                                          $62,000.00
     the agreed upon value.
     Award Plaintiffs punitive damages for stress
     suffered in the amount of                                 $50,000.00
     monetary damages for any cost to bring this case to trial,
     amount to be determined at trial.

214. For Count II – Award Plaintiffs compensatory damages loss
     value of 3 stolen Imperials offered for sale for profit
     in the amount of                                          $62,000.00
     the agreed upon value.
     Award Plaintiffs punitive damages for stress
     suffered in the amount of                                 $50,000.00
     monetary damages for any cost to bring this case to trial,
     amount to be determined at trial.

215. In addition, order the Motor Vehicle Administration to investigate the above the
     law actions of this unlicensed dealer.

     Total Sought By Plaintiffs  $224,000.00
     Plus Costs

216. Defendant No. 9 – James Frost

217. Plaintiffs seek the following relief from this court.

218. For Count I – Award Plaintiffs compensatory damages in the amount of                                                                      $62,000.00
the agreed upon value of the 3 stolen Imperials.
Award Plaintiffs punitive damages for stress suffered in the amount of                                                                      $50,000.00
monetary damages for any cost to bring this case to trial, amount to be determined at trial.

Total Sought By Plaintiffs  $112,000.00
Plus Costs

56

### Request For Jury Trial

Plaintiffs hereby request trial by jury on all triable counts against Defendants.

### Request For Recusal

Plaintiffs hereby request that Judges James K. Bredar and George Levi Russell, III recuse themselves from this case due to conflicts of interest. *New cases*

### Conclusion

Wherefore, Plaintiffs respectfully ask this honorable court to grant them the relief sought and any further relief sought for their cause in this matter, and as justice requires.

It is sad that we live in a nation whose U.S. Government law enforcement (FBI) condones domestic terrorism and attacks against it own people/government.   Domestic terrorists, such as Jason Merritt, are not charged at all, but rather, turned lose on America, and other participants are charged only lightly in the deadly Jan. 6, 2021 Capital attacks.  It is bad enough when the FBI refuses to investigate and charge those that fund domestic terrorism, such as Act 1st FCU, thus allowing them to continue their illegal operations.

It is more sad when some prosecutors, such as Allegany County State's Attorney James Elliot, refuse to prosecute those involved, such as Jason Merritt, Deputy Larry Bennett and Act 1st FCU, allowing them to continue their criminal behavior.  Some other prosecutors refuse to prosecute those higher up, such as former President Donald Trump, and some judges give participants just a slap on wrist as punishment for their crimes.

It is even worse when the NCUA refuses to do their job and investigate the illegal actions of Act 1st FCU and take appropriate action, even after federal and state offices required them to do so.  This created conflicts of interest in that they are all conspiring together to further their common cause, as Trump followers, supporters and worshipers, to destroy democracy and to take over and destroy America, especially in the county where Plaintiffs reside.

Respectfully,


William A. Taccino
Ph: 301-722-2520


Carol F. Taccino
402 Pine Ave.
Cumberland, Md. 21502
Ph: 301-722-2520


cc:  January 6 Committee
       ACLU

58